UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALESSANDRO-ROBERTO MARINELLO,<br><br>Plaintiff,<br><br>v.<br><br>TRANSUNION, LLC,<br><br>Defendant. | Case No. 23-cv-12871<br>Honorable Brandy R. McMillion<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS (ECF NO. 17)**

### I.   Introduction

Plaintiff Alessandro-Roberto Marinello, proceeding pro se, brings this action against Defendant TransUnion, LLC, for allegedly violating the Fair Credit Reporting Act (FCRA).  ECF No. 1.  The Honorable Brandy R. McMillion referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 24.

TransUnion moves to dismiss the case.  ECF No. 17.  Marinello did not respond, even after the Court granted him more time and ordered him to show cause why his claims should not be dismissed.  ECF No. 22; ECF No. 23.  When a plaintiff fails to respond or to otherwise oppose a

defendant's motion, the Court may consider the plaintiff to have waived opposition to the motion. *Humphrey v. U.S. Attorney Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008). Still, a defendant bears the burden of showing its motion has merit even if the plaintiff fails to respond. *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991). The Court **RECOMMENDS** that TransUnion's motion be **GRANTED**.

## II. Background

Marinello alleges that unnamed agencies "are buying and selling [his] information without [his] consent" and that TransUnion compiled a credit report on him without his permission. ECF No. 1, PageID.5, 9. He claims that TranUnion's report constitutes identity theft in violation of 15 U.S.C. §§ 1681b and 1681c-2. *Id.*, PageID.5, 8. Marinello alleges that derogatory items included in his credit report resulted in the denial of credit opportunities and emotional distress. *Id.*, PageID.7, 11-12. Finally, Marinello asserts that TransUnion did not notify him when the credit report was created, in violation of 15 U.S.C. § 1618d. *Id.*, PageID.10.

## III. Analysis

### A.

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a plausible claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Iqbal*, 556 U.S. at 678. But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.*, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007). Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief.

3

*Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

Marinello fails to state plausible claims under the three FCRA subsections cited in the complaint: 15 U.S.C. §§ 1681b, 1681c-2, and 1681d.

**B.**

Section 1681b states that consumer reporting agencies (CRAs) like TransUnion may not furnish a consumer credit report to third parties except under circumstances delineated in the statute. *Hinton v. Trans Union, LLC*, 654 F. Supp. 2d 440, 448 (E.D. Va. 2009). In most cases, "the plain language of § 1681b makes clear that consumer consent simply is not a prerequisite to release of a consumer report to a third party." *Id.* at 449 (citing 15 U.S.C. § 1681b(c)(1)(B)(i)-(iii) (setting forth circumstances in which consumer consent is not required); *Stergiopoulos v. First Midwest Bancorp, Inc.*, 427 F.3d 1043, 1046 (7th Cir. 2005) (observing that § 1681b "does not require that consumers expressly approve each request for a report")). For example, consent is not required if the CRA believes the information will be used "for purposes of underwriting insurance, [or] conducting credit transactions." *Green v. Experian*, No. 22-5238, 2023 WL 6296923, at *4 (E.D. Pa. Sept. 27, 2023) (citing 15 U.S.C. § 1681b(a)(3)).

4

In other cases, consumer consent is necessary if the report will be used for certain purposes—for example, if the report relates to an insurance transaction and includes medical information. *Id.* (citing 15 U.S.C. § 1681b(g)(1)(A)).

Marinello rests his claim on TransUnion's alleged failure to obtain his permission to compile the credit report but makes no factual allegations that TransUnion provided the report for purposes that would require his consent. ECF No. 1, PageID.5, 9. The complaint contains no information about the credit report at issue, what information was contained in the report, or the purposes for which it was used. Because Marinello has not alleged that the credit report was furnished for impermissible purposes, he fails to state a violation of § 1681b. *See Ahmad v. Experian Info. Sols., Inc.*, No. 23-cv-2222, 2023 WL 8650192, at *6-7 (S.D.N.Y. Dec. 14, 2023); *Hinton*, 654 F. Supp. 2d at 449; *Green*, 2023 WL 6296923, at *4.

## C.

Section 1691c-2 requires CRAs to block reporting information that results from identity theft within four days of being notified by the consumer:

> Except as otherwise provided in this section, a [CRA] shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of--

5

> (1) appropriate proof of the identity of the consumer;
>
> (2) a copy of an identity theft report;
>
> (3) the identification of such information by the consumer; and
>
> (4) a statement by the consumer that the information is not information relating to any transaction by the consumer.

15 U.S.C. § 1681c-2(a).

The complaint does not plausibly allege that Marinello was the victim of identity theft. Marinello alleges that the unnamed third parties' requests for his credit report and TransUnion's production of that report without his consent constitute identity theft. ECF No. 1, PageID.5, 9. Marinello alleges that he "provided the 4 elements required" under § 1681c-2 to the Consumer Financial Protection Bureau (CFPB). *Id.*, PageID.9. Marinello's complaint to the CFPB likewise alleges that the "identity theft" at issue included third-party requests for his credit report and TransUnion's production of that report without his consent. *Id.*, PageID.19-22.

Credit reporting without the consumer's consent does not amount to identity theft and is "simply not a valid basis for a viable claim under the FCRA." *See Gaines v. Experian Info. Sols.*, No. 1:24-CV-0273, 2024 WL 1591019, at *4 (N.D. Ga. Mar. 5, 2024). Because Marinello has not plausibly alleged that he was the victim of identity theft, he has not shown

6

that the CFPB complaint required a response from TransUnion under the FCRA. *Id.* Nor does Marinello allege that he submitted notice of the alleged identity theft directly to TransUnion under § 1681c-2. *See id.*; *Withers v. Experian Info. Sols.*, No. 1:23-CV-4498, 2024 WL 484754, at *3 (N.D. Ga. Jan. 25, 2024). Thus, he has not stated a valid claim for violating § 1681c-2.

### D.

Last, § 1681d states that "[a] person may not procure or cause to be prepared an investigative consumer report on any consumer unless" it is disclosed to the consumer that an investigative report may be made. 15 U.S.C. § 1681d(a). "[T]his particular provision of [the] FCRA applies only to the party which requests preparation of the report, not the entity which prepared it." *Ben-Hur v. Equifax Info. Servs., Inc.*, 976 F. Supp. 795, 805 (E.D. Wisc. 1997) (citing *Ippolito v. WNS, Inc.*, 636 F. Supp. 471, 473-74 (N.D. Ill. 1986)). TransUnion allegedly prepared the credit report at other parties' requests, and thus cannot be a liable party under § 1681d. *Id.* Marinello fails to state a claim under this subsection.

### IV. Conclusion

The Court **RECOMMENDS** that TransUnion's motion to dismiss be **GRANTED**.

7

                                                  s/Elizabeth A. Stafford
                                                  ELIZABETH A. STAFFORD
                                                  United States Magistrate Judge

Dated: July 3, 2024

### **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 3, 2024.

s/Donald Peruski
DONALD PERUSKI
Case Manager
